UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT L. HAYES,<br><br>    Plaintiff,<br>  v.<br><br>BECKY SLANKRD and JOHN DOE SLANKRD, JEREMY DOE, THE DIVISIONAL MANAGER OF UNITED PARCEL SERVICE, b/k/a, UPS, and UNITED PARCEL SERVICES, b/k/a/, UPS,<br><br>    Defendants. | CASE NO. 3:20-cv-06109-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand/Remove (Dkt. 10) and Plaintiff's Motion for Removal of Case to State Superior Court for Lack of Subject Matter Jurisdiction (Dkt. 17). The first motion is essentially a notice that the second motion would be filed, so they will be considered together.

The Court has considered the pleadings filed in support of and in opposition to these motions and the remaining file. Plaintiff's motion should be granted.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

**I.     BACKGROUND**

**A.  FACTS AND PROCEDURAL HISTORY**

This matter arises out of a dispute between Plaintiff, Robert Hayes, and the United Parcel Service ("UPS") about the manner in which UPS delivered his packages.  Mr. Hayes claims that he made an agreement with the assistant to the divisional manager for UPS that UPS would deliver packages between his door and screen door.  Dkt. 1-1 at 9–10.  He alleges that UPS refuses to honor this agreement.

Mr. Hayes appears to have mailed a copy of the summons and complaint to Defendant UPS on October 3, 2020, but he claims this was to open channels of communication, not to perfect service.  Dkt. 17.  He claims UPS was not served in compliance with the state and federal rules for service until November 23, 2020, when a process server completed personal service.  *Id.* at 7.

On November 17, 2020, before Plaintiff filed his claim in state court, Defendant UPS removed to federal court, citing federal question jurisdiction.  Dkt. 1-2.

**B.  PENDING MOTIONS**

In the pending motions, Plaintiff moves to remove this matter to state court for lack of subject matter jurisdiction.  Dkt. 17.  Defendant UPS responded in opposition, arguing that removal was proper because the Carmack Amendment, 49 U.S.C. § 14706, and federal common law provide subject matter jurisdiction.  Dkt. 27.  In reply, Plaintiff argues that Defendant did not file its response in accordance with the Local Civil Rules and requests a continuance to allow him more time to respond.  The issues appear to be thoroughly briefed, and the Court will consider the motions to remove.

Within his motion to remove, Plaintiff also moves for sanctions pursuant to Federal Rule

of Civil Procedure 11. Dkts. 17 and 29. The Court will not consider this motion both because Rule 11 requires that it be made in a separate motion and because the Court lacks jurisdiction.

## II.   DISCUSSION

### A. FEDERAL QUESTION JURISDICTION

Under 28 U.S.C. 1441(a), a defendant may remove to federal court any civil action brought in a state court over which the federal court has original jurisdiction, meaning that there is a federal question. *See* 28 U.S.C. 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Defendant removed based on federal question jurisdiction (Dkt. 1-2), but Plaintiff's complaint does not, on its face, include a federal question. *See* Dkt. 1-3 (alleging breach of contract, trespass to chattel, and conversion). There are, however, limited exceptions that allow removal, despite the absence of a federal question in the complaint, when a federal statute completely preempts a particular area of law. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (2007). The Carmack Amendment is one such exception. *See id.* at 687–88.

The Carmack Amendment "provides the exclusive cause of action for interstate shipping contract claims alleging delay, loss, failure to deliver or damage to property." *Id.* Though a plaintiff may bring a claim under the Carmack Amendment in federal court or state court regardless of the amount in controversy, federal courts only have original jurisdiction, and therefore defendant may only remove a matter to federal court, "if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337; *see also Hall*, 476 F.3d at 686, n.2. "[W]here it is unclear or ambiguous from the face of a

1 state-court complaint whether the requisite amount in controversy is pled," courts use a
2 preponderance of the evidence standard to determine whether the threshold is met. *Guglielmino*
3 *v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Under this burden, a defendant must
4 establish that it is "more likely than not" that the amount in controversy is met. *Id.*

The facts of this case are somewhat unique. Plaintiff argues that the Carmack Amendment does not apply at all because the dispute does not arise out of an interstate shipping contract, but instead out of an independent contract he made with a local UPS manager about how UPS would deliver his packages. It is, however, unnecessary to consider that argument because Defendants do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $10,000, exclusive of interest and costs.

Plaintiff did not include an amount in controversy in his complaint, nor does either party supply a receipt or bill of lading. Defendant asserts that the amount in controversy is met because Plaintiff made a settlement demand of $10,000 and noted that his demand would increase by $1,000 every week until trial. Dkt. 28 at 2. Plaintiff, however, claims in pleadings to this Court that the total amount in controversy, exclusive of costs and fees, is $9,000, and, while he disputes that Defendant's declaration should be considered at all, he asserts that the $10,000 number included interest and costs. Dkt. 29 at 5. It is not more likely than not that Plaintiff is incorrect; therefore, the amount in controversy is not met, so the Carmack Amendment does not provide jurisdiction on removal.

Defendant also argues that there is an independent basis for federal jurisdiction under federal common law, but that argument is without merit because Plaintiff's complaint only brings state law claims and Defendant does not argue any federal question exists other than the

Carmack Amendment.  Without a federal question, this Court does not have jurisdiction over this matter.

For the foregoing reasons, Plaintiff's motions to remand (Dkts. 10 and 17) should be granted, and this matter should be remanded to state court.  All other pending motions should be stricken to be renoted, if appropriate, state court.

### III.   ORDER

Therefore, it is hereby **ORDERED**:

- Plaintiff's Motion to Remand/Remove (Dkt. 10) and Motion for Removal of Case to State Superior Court for Lack of Subject Matter Jurisdiction (Dkt. 17) **ARE GRANTED**;

- This matter is **REMANDED** to Pierce County, Washington Superior Court; and

- All other pending motions should stricken to be renoted, if appropriate, in state court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of February, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5